DEBRA W. YANG
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
GREGORY A. ROTH (SBN 102220)
Assistant United States Attorney
California Bar Number: SBN 102220
    Room 7211, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2576
    Facsimile: (213) 894-0115
    E-Mail: gregory.roth@usdoj.gov
Attorneys for Plaintiff, United States of America

FILED
CLERK, U.S DISTRICT COURT
MAR - 7 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, U S DISTRICT COURT
MAR - 8 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROLANDO L. ATIGA, ETC.; ET AL.

    Defendants.

Case No. CV-03-5823-R(JTLx)

[~~PROPOSED~~]
JUDGMENT AND ORDER OF
SALE OF REAL PROPERTY

Status Conference Re: Settlement --

Date: March 7, 2005
Time: 10:00 a.m.
Place: Courtroom No. 8

Honorable Manuel L. Real
United States District Judge
United States Courthouse
312 North Spring Street
Los Angeles, CA 90012

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

///
///

Pursuant to the stipulations of the parties [1], IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Rolando L. Atiga is liable to and indebted to the United States for unpaid federal tax liabilities in the amount of $1,438,390.31, plus statutory accruals and additions thereon accruing after January 31, 2005, as provided by law, with respect to assessments against Rolando L. Atiga for (1) liabilities under to IRC § 6672 for the periods ended September 30, 1990, September 30, 1991, September 30, 1992, March 31, 1999, June 30, 1999, March 31, 2000, June 30, 2000, September 30, 2000, December 31, 2000, June 30, 2001, and September 30, 2001; and (2) IRS Form 1040 federal income tax liabilities for the tax periods ended December 31, 1993, and December 31, 1994 ("subject assessments against Rolando Atiga").

2. Violeta Atiga is liable to and indebted to the United States for unpaid federal tax liabilities in the amount of $76,748.40, plus statutory accruals and additions thereon accruing after January 31, 2005, as provided by law, with respect to assessments against Violeta Atiga for (1) liabilities under to IRC § 6672 for the periods ended March 31, 1999, June 30, 1999, March 31, 2000, June 30, 2000, September 30, 2000, December 31, 2000, June 30, 2001, and September 30, 2001; and (2) IRS Form 1040 federal income tax liabilities for the tax periods ended December 31, 1993, and December 31, 1994 ("subject assessments against Violeta Atiga").

3. Notices of Federal Tax Lien ("NFTLs") were properly recorded by the United States (IRS) with the County Recorder, Los Angeles County, State of California, with respect to the subject assessments against Rolando Atiga and the subject

---

[1] The remaining parties are: (1) plaintiff UNITED STATES OF AMERICA ("Plaintiff" and "United States"), (2) defendants ROLANDO L. ATIGA and VIOLETA ATIGA (collectively, "Rolando and Violeta Atiga" and the "Atigas"), (3) defendants LASALLE BANK NATIONAL ASSOCIATION ("LaSalle Bank," "LaSalle," "Lasalle Bank," and "Lasalle"), and EMC MORTGAGE CORPORATION ("EMC Mortgage" and "EMC"), (4) defendant HASSEN REAL ESTATE PARTNERSHIP ("Hassen R/E Partnership" and "Hassen"), and (5) defendants COUNTY OF LOS ANGELES AGRICULTURAL COMMISSIONER/WEIGHTS AND MEASURES, WEED HAZZARD & PEST MANAGEMENT and TREASURER AND TAX COLLECTOR OF LOS ANGELES COUNTY (collectively, "County Defendants," "County of Los Angeles," and the "County").

assessments against Violeta Atiga, as follows ("subject federal tax liens"):

| Date Recorded | Taxpayer(s) | Recording Number |
|---|---|---|
| July 14, 1994 | Rolando L. Atiga | 94-1317107 |
| July 18, 1996 | Rolando L. Atiga and Violeta Atiga | 96-1157361 |
| July 18, 1996 | Rolando L. Atiga | 96-1157362 |
| October 30, 2002 | Violeta Atiga | 02-2587447 |
| October 30, 2002 | Rolando L. Atiga | 02-2587448 |

3. The subject real properties, against which plaintiff United States seeks to foreclose its subject federal tax liens, consist of the following two separate real properties located within the Central Judicial District of California.

   a. The first real property is located at and commonly known as **841 Wick Lane, Glendora, California, 91741** ("Wick property"), including a single family residence.

   b. The second real property is located at and commonly known as **8000 North Grand Avenue, Glendora, California, 91741** ("Grand property").

4. The United States has valid and existing federal tax liens against the interests of the Atigas in the Wick property and the Grand property. The United States' federal tax liens have attached to the Wick property and the Grand property. The United States is entitled to foreclose on the federal tax liens against the interests of the Atigas in the Wick property and the Grand property.

5. The United States' federal tax liens **are not** foreclosed against the interests of the Atigas in the **Wick property**.

6. The United States' federal tax liens **are** foreclosed against the interests of the Atigas in the **Grand property**.

3

7. The priority of interests with the respect to the **Wick property** are as follows:

    a. **First priority**. Pursuant to EMC's "Corporation Assignment of Deed of Trust," dated September 30, 2002, as a result of which the Deed of Trust dated May 17, 1979, and recorded on June 20, 1979, as instrument no. 97-666857, together with the Note secured thereby, were assigned to LaSalle as "Trustee for Certificateholders for EMC Mortgage Loan Trust 2002-B, Mortgage Loan Pass-Through Certificates, Series 2002-B, LaSalle has priority over the other parties as to the Wick property with respect to LaSalle's deed of trust for:

        i. the unpaid principal balance due on the note secured by LaSalle's deed of trust;

        ii. such interest as may be in default on the note secured by the LaSalle's deed of trust; and

        iii. all reasonable, necessary, and proper charges allowed pursuant to the LaSalle's Deed of Trust incurred since the origination of the LaSalle Note and Deed of Trust, but only to the extent that such charges are entitled to priority over the United States' liens under 26 U.S.C. § 6323(e).

    b. **Second priority**. Pursuant to Hassen's "Abstract of Judgment," dated March 10, 1993, and recorded on March 25, 1993, as instrument no. 93-563208, Hassen has second priority with respect to the Wick property, for the unpaid total amount due of $40,795.96 (as of November 19, 2002), plus any subsequent unpaid judgment interest.

    c. **Third priority**. Pursuant to the IRS's "Notices of Federal Tax Lien" recorded on July 14, 1994, July 18, 1996, July 18, 1996, October 30, 2002, and October 30, 2002, as instrument nos. 94-1317107, 96-1157361, 96-1157362, 02-2587447, and 02-2587448, respectively, the United States has third priority with respect to the Wick property for the total balance due on the Atigas' subject tax liabilities.

    d. **Fourth priority**. Pursuant to Hassen's "Abstract of Judgment," dated November 3, 1995, and recorded on November 30, 1995, as instrument no. 95-1904595, Hassen has fourth priority with respect to the Wick property, for the unpaid balance due

4

on the original amount due of $163,080.00, plus any unpaid judgment interest.

8. The priority of interests with the respect to the **Grand property** are as follows:

    a. **First priority**. Pursuant to the County Treasurer and Tax Collector's "Notice of Power to Sell Tax-Defaulted Property" recorded on <u>July 30, 2001</u>, as instrument nos. 01-1346965 and 01-1347995, the County has first priority with respect to the Grand property for the unpaid balance due on the original amount due of $3,536.97 for the fiscal year 1995-1996.

    b. **Second priority**. Pursuant to Hassen's "Abstract of Judgment," dated <u>March 10, 1993</u>, and recorded on <u>March 25, 1993</u>, as instrument no. 93-563208, Hassen has second priority with respect to the Grand property, for the unpaid total amount due of $40,795.96 (as of <u>November 19, 2002</u>), plus any subsequent unpaid judgment interest.

    c. **Third priority**. Pursuant to the IRS's "Notices of Federal Tax Lien" recorded on <u>July 14, 1994</u>, <u>July 18, 1996</u>, <u>July 18, 1996</u>, <u>October 30, 2002</u>, and <u>October 30, 2002</u>, as instrument nos. 94-1317107, 96-1157361, 96-1157362, 02-2587447, and 02-2587448, respectively, the United States has third priority with respect to the Grand property for the total balance due on the Atigas' subject tax liabilities.

    d. **Fourth priority**. Pursuant to Hassen's "Abstract of Judgment," dated <u>November 3, 1995</u>, and recorded on <u>November 30, 1995</u>, as instrument no. 95-1904595, Hassen has fourth priority with respect to the Grand property, for the unpaid balance due on the original amount due of $163,080.00, plus any unpaid judgment interest.

9. The Grand property is ordered to be sold.

10. Any party to this proceeding or any person claiming an interest in the Grand property may move the Court, pursuant to Title 28, United States Code, § 2001(b), for an order for a private sale of the Grand property. Any such motion shall be filed within twenty (20) days of the date of this Order and shall set forth with particularity (a) the nature of the moving party's interest in the Grand property, (b) the reasons why the moving party believes that a private sale would be in the best interests of the United

States of America and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their qualifications, and (d) a proposed form of order stating the terms and conditions of the private sale.

11. The Atigas are ordered to sell the Grand property if it does not become the subject of a motion pursuant to the preceding paragraph, in accordance with Title 28, United States Code, §§ 2001(a) and 2002; however, any sale of the Grand property byt the Atigas shall be subject to approval by the United States. The United States and the Atigas shall sign any and all papers necessary to ensure that the title company with respect to the Atigas' sale of the Grand property is able to obtain and provide proper title to the purchaser with respect to such sale.

12. If the Atigas do not sell the Grand property within 270 days from October 19, 2004 [2], and the Grand property is not otherwise sold within 270 days from October 19, 2004, the Compliance Area Director of the IRS (aka the District Director of the IRS), or his/her delegate, is ordered to sell the Grand property.

13. The proceeds from the sale of the Grand property shall be first applied to the usual expenses of sale, and then distributed in the order of lien priorities.

14. Each party will bear its own costs and attorneys fees, with the exception that LaSalle shall retain any right it might have under LaSalle's Note and/or LaSalle's Deed of trust, to recover costs and attorneys fees from the Atigas relating to this district court case. The fees and costs incurred by LaSalle relating to this district court case shall be deemed part of LaSalle's priority debt as set forth in paragraph 7.a, above, to the extent that such fees and costs are entitled to priority over the United States under 26 U.S.C. § 6323(e)(3).

///
///

---

[2] October 19, 2004, is the date that the United States is deemed to have accepted the Atigas' settlement offer.

15. The Court hereby retains jurisdiction of this action for the purposes of facilitating sale of the Grand property, ensuring sale of the Grand property, and making proper distribution of any surplus of the proceeds of sale.

IT IS SO ORDERED.

DATED: March 7, 2005

_____
MANUEL L. REAL
United States District Judge

**Approved as to form and content.**

DEBRA W. YANG
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

_____     DATED: MAR 3 2005
GREGORY A. ROTH
Assistant United States Attorney

Attorneys for the United States of America, Plaintiff

LAW OFFICES OF RICE & KEELY

_____     DATED: _____
SHARON KEELY
Attorneys for Defendants Rolando L. Atiga and Violeta Atiga

MCCARTHY & HOLTHUS, L.L.P.

_____     DATED: _____
DANIEL J. GOULDING
Attorney for Defendants LaSalle Bank, N.A. and EMC Mortgage Corporation

Re: United States v. Rolando L. Atiga; Violeta Atiga; et al.
    Case No. CV-03-5823-R(JTLx) (USDC C.D. Cal.)

7

15. The Court hereby retains jurisdiction of this action for the purposes of facilitating sale of the Grand property, ensuring sale of the Grand property, and making proper distribution of any surplus of the proceeds of sale.

IT IS SO ORDERED.

DATED: _____    _____
                                     MANUEL L. REAL
                                     United States District Judge

**Approved as to form and content.**

DEBRA W. YANG
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

_____    DATED: _____
GREGORY A. ROTH
Assistant United States Attorney

Attorneys for the United States of America,
Plaintiff

LAW OFFICES OF RICE & KEELY

_____    DATED: 2/28/05
SHARON KEELY
Attorneys for Defendants Rolando L. Atiga and
Violeta Atiga

MCCARTHY & HOLTHUS, L.L.P.

_____    DATED: _____
DANIEL J. GOULDING
Attorney for Defendants LaSalle Bank, N.A. and
EMC Mortgage Corporation

Re:  United States v. Rolando L. Atiga; Violeta Atiga; et al.
     Case No. CV-03-5823-R(JTLx) (USDC C.D. Cal.)

7A

1  15. The Court hereby retains jurisdiction of this action for the purposes of facilitating sale of the Grand property, ensuring sale of the Grand property, and making proper distribution of any surplus of the proceeds of sale.

IT IS SO ORDERED.

DATED: _____      _____
                                    MANUEL L. REAL
                                    United States District Judge

Approved as to form and content.

DEBRA W. YANG
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

_____      DATED: _____
GREGORY A. ROTH
Assistant United States Attorney

Attorneys for the United States of America,
Plaintiff

LAW OFFICES OF RICE & KEELY

_____      DATED: _____
SHARON KEELY
Attorneys for Defendants Rolando L. Atiga and
Violeta Atiga

MCCARTHY & HOLTHUS, L.L.P.

_____      DATED: _____
DANIEL J. GOULDING
Attorney for Defendants LaSalle Bank, N.A. and
EMC Mortgage Corporation

Re:  United States v. Rolando L. Atiga; Violeta Atiga; et al.
     Case No. CV-03-5823-R(JTLx) (USDC C.D. Cal.)

7B

```
 1 | NEWMAN & NELSON, INC.
 2 | _____/s/_____        DATED: 2-28-05
   | STEVEN J. NELSON
 3 | Attorneys for Defendant Hassen Real Estate Partnership
 4 |
 5 | LLOYD W. PELLMAN
   | County Counsel
 6 | _____          DATED: _____
   | WILLIAM C. SIAS
 7 | Deputy County Counsel
   | Attorneys for Defendants
 8 | County of Los Angeles Agricultural Commissioner/
   | Weights and Measures and
 9 | Los Angeles Treasurer and Tax Collector
```

...

28 | Re: United States v. Rolando L. Atiga; Violeta Atiga; et al.
   | Case No. CV-03-5823-R(JTLx) (USDC C.D. Cal.)

8

```
 1 | NEWMAN & NELSON, INC.
 2 | _____    DATED: _____
   | STEVEN J. NELSON
 3 | Attorneys for Defendant Hassen Real Estate Partnership
 4 |
   | LLOYD W. PELLMAN
 5 | County Counsel
 6 | _____[signature]_____    DATED: 3/1/2005
   | WILLIAM C. SIAS
 7 | Deputy County Counsel
   | Attorneys for Defendants
 8 | County of Los Angeles Agricultural Commissioner/
   | Weights and Measures and
 9 | Los Angeles Treasurer and Tax Collector
```

27  Re:  United States v. Rolando L. Atiga; Violeta Atiga; et al.
28       Case No. CV-03-5823-R(JTLx) (USDC C.D. Cal.)

8A

## PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Room 7211, Los Angeles, California 90012-3342.

On **MAR 3 2005**, I served

**[PROPOSED]
JUDGMENT AND ORDER OF
SALE OF REAL PROPERTY**

on each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: **MAR 3 2005**

Place of mailing: **Los Angeles, California**

*See attached Service List*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: **MAR 3 2005** at Los Angeles, California.

**Amanda F. Carrillo**

# SERVICE LIST

Re: United States v. Rolando L. Atiga; et al.
Case No. CV-03-5823-R(JTLx) (USDC C.D. Cal.)

**Attorneys for Defendants Rolando L. Atiga and Violeta Atiga**

Sharon Keely, Esq.
LAW OFFICES OF RICE & KEELY
2780 Skypark Drive, Suite 460
Torrance, CA 90505

**Attorneys for Defendants Lasalle Bank National Association and EMC Mortgage Corporation**

Daniel J. Goulding, Esq.
MCCARTHY & HOLTHUS
1770 Fourth Avenue
San Diego, CA 92101

**Attorneys for Defendant Hassen Real Estate Partnership**

Steven J. Nelson, Esq.
NEWMAN & NELSON
908 S. Village Oaks Drive, 1st Floor
P.O. Box 1227
Covina, CA 91722-0227

**Attorneys for Defendant County of Los Angeles Agricultural Commissioner/ Weights and Measures, and Defendant Tax Collector of Los Angeles County**

William C. Sias, Deputy County Counsel
Los Angeles County Counsel
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA 90012-2713

**Courtesy Copy -** *Service Via Mail or Interoffice Distribution*

**Attorneys for the U.S. Department of Justice**

Robert S. Watkins, Chief
Civil Trial Section, Western Region
U.S. Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683

United States v. Atiga; et al.
Case No. CV-03-5823-R(JTLx)
Page 2

## Attorneys for the IRS's Office of Area Counsel

Irene Scott Carroll, Esq.
Office of Area Counsel
Internal Revenue Service, SB/SE Division
Room 3018, Federal Building
300 North Los Angeles Street
Los Angeles, CA  90012

SCANNED

2